**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SANDRA JUNG, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-20-0487 |
| | § | |
| ACCREDITED MANAGEMENT SOLUTIONS LLC, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Sandra Jung's motion for entry of final default judgment against defendant Accredited Management Solutions LLC ("Accredited Management"). Dkt. 11. After reviewing the relevant pleadings and applicable law, the court is of the opinion that the motion should be GRANTED in part and DENIED in part.

**I. BACKGROUND**

This case involves Accredited Management's attempts to collect a consumer debt from Jung that allegedly originated with a payday loan. Dkt. 1 at 3. Jung alleges that Accredited Management's principal purpose is the collection of debts owed to third parties. *Id.* at 2. It is unclear when or if the loan originator transferred its rights to Accredited Management.

On December 17, 2019, Jung alleges that a male debt collector called her "to collect an alleged consumer debt originating with a payday loan account." *Id.* at 3. During the call, the male debt collector "threatened to file a lawsuit against [Jung] if she did not make a payment [in the amount of 60% of the alleged debt] to [Accredited Management] within the following twenty-four

(24) hours." *Id*. On or around January 22, 2020, Jung alleges that Accredited Management's collector, Michelle Kelly left her a voicemail regarding the debt:

> Sandra Jung, this is Michelle Kelly with Accredited Management Solutions. I do need to speak to you or legal representation regarding a legal complaint filed against you and your social ending in 9742. Our office has made several attempts to reach out to you to rectify this matter outside of court. Please respond to my call within 24 hours at 866-901-0868, extension 202. Please be available at this 2004 Live Oak Street, Houston, Texas on Wednesday, January 29th between the hours of 8 AM and 10 AM to sign for your court documentation. We wish you the best of luck.

*Id.* at 4-5.

On or around January 27, 2020, Kelly allegedly left another voicemail for Jung::

> Sandra Jung, this is Michelle Kelly with Accredited Management Solutions. I do need to speak to you or legal representation regarding a legal complaint filed against you and your social ending in 9742. You do need to return my call at 866-901-0868, extension 202.

*Id.* at 5.

Jung alleges that phone number "866-901-0868" belongs to Accredited Management. *Id.* at 2-3. She also alleges that if she owed any debt, then the statute of limitations has passed. *Id.* at 5. Accredited Management has not taken legal action against Jung. *Id.* at 4.

On February 13, 2020, Jung filed suit against Accredited Management for violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, *et al.* ("TDCA"). Dkt. 1 at 1. Jung seeks statutory damages, costs, attorneys' fees, and injunctive relief. *Id.* at 6-7.

On February 18, 2020, Jung served Accredited Management with the complaint. Dkt. 7. On April 15, 2020, she filed a motion for an entry of final default judgment after Accredited Management failed to appear or answer her complaint. Dkt. 9. However, because Jung's service

2

was insufficient, her motion was denied without prejudice. Dkt. 10. On June 6, 2020, Jung filed a renewed motion for an entry of a default judgment against Accredited Management. Dkt. 11.

## II. LEGAL STANDARD

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Under Rule 5.5 of the Local Rules of the Southern District of Texas, a motion for default judgment must be served upon defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5.

The Federal Rules of Civil Procedure disfavor default judgments, preferring to resolve disputes according to their merits. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d. 886, 893 (5th Cir. 1998). When determining whether to enter default judgment, courts should consider if it has personal jurisdiction over the parties. *See, e.g., Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind,* 841 F.2d 646, 649 (5th Cir.1988). Moreover, the court should consider "whether material issues of fact are at issue, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.*

"A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975) (citing *Thomson v. Wooster,* 114 U.S. 104, 113, 5 S.Ct. 788 (1885)). Put another way, "a defendant's default does not in itself warrant the court in entering a default judgment. *Id*. Instead, there must be "a sufficient basis in the pleadings for the judgment entered."

*Id.* In the context of default judgement, the meaning of a well-pleaded or sufficient allegation is drawn from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

Federal Rule of Civil Procedure 8(a)(2) requires only that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).

### III. ANALYSIS

Jung properly served her renewed motion for default judgment on Accredited Management via first class and U.S. Certified Mail pursuant to Local Rule 5.5. Dkt. 11 at 5. Accredited Management has not answered or otherwise made an appearance. Therefore, Jung's motion is ripe for consideration.

A. <u>Personal Jurisdiction</u>

Default judgment is only appropriate if this court has personal jurisdiction over Accredited Management. *Broad. Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987). Specific personal jurisdiction may exist "over a nonresident defendant whose contacts with the forum state are singular or sporadic only *if* the cause of action asserted arises out of or is related to

4

those contacts." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016).

In this case, Jung alleges that Accredited Management is a business entity located in East Amherst, Erie County, New York and is engaged in the collection of debt within the State of Texas. Dkt. 1 at 2. Accredited Management attempted to collect debt from Jung, a resident of Houston, Texas, on three separate occasions. *Id.* at 3. Jung alleges that this communication is what gave rise to the action. *Id.* at 4-6. As a result, Accredited Management has purposefully directed its activities at Texas, and therefore, the court has personal jurisdiction over it.

B. The FDCPA claims

Accredited Management has not answered or made an appearance in response to Jung's asserted claims in violation of §§ 1692e(5), e(10), e(11), f, and g(b) of the FDCPA. The court shall address each alleged violation in turn.

1. *Section 1692e(5)*

Jung alleges that Accredited Management violated section 1692e(5) when it "threatened to take legal action" that it "could not legally take" because the statute of limitations on the alleged debt has passed. Dkt. 1 at 4-5.

A debt collector violates section 1692e(5) if it threatens to "take any action that cannot legally be taken." 15 U.S.C. § 1692e(5). Under Texas law, the time period within which one can take legal action to recover a debt is "four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.004(a)(3). The "question of when a cause of action accrues is a

5

matter of law for the court to decide." *TIG Ins. Co. v. Aon Re, Inc.,* 521 F.3d 351, 355 (5th Cir.2008).

Here, Jung asserts the conclusory statement that "[i]f the debt is owed at all, the statute of limitations has passed." *Id.* The complaint is devoid of any allegations as to when the debt in question was due, or when Jung defaulted, if at all. Dkt. 1 at 3. Jung has not alleged sufficient facts to determine whether the statute of limitations to take legal action to recover the debt in question has passed. Accordingly, Jung's motion for default judgement on her section 1692e(5) claim is **DENIED**.

2. *Section 1692e(10)*

Jung alleges that Accredited Management violated section 1692e(10) when it "attempted to collect a time-barred debt from [Jung] without disclosing to [Jung] that the debt was past the statute of limitations," and when it "threatened to take legal [action] against [Jung] in an effort to coerce [Jung] into making a payment on a time-barred debt and, in effect, revive the statute of limitations." Dkt. 1 at 5.

A debt collector violates section 1692e(10) if it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). As discussed above, Jung does not plead sufficient facts that the statute of limitations has elapsed, nor that Accredited Management is barred from taking legal action to collect the debt. Therefore, Jung's motion for default judgement for her section 1692e(10) claim is **DENIED**.

3. *Section 1692e(11)*

Jung alleges that Accredited Management violated section 1692e(11) by "failing to disclose that the communication is from a debt collector . . . when [Accredited Management]'s

6

female collector failed to disclose that the communication is from a debt collector attempting to collect a debt in voicemail messages left for [Jung] on [Jung]'s telephone." Dkt. 1 at 5-6.

A debt collector violates section 1692e(11) if, in a communication with a consumer, it fails to disclose that the communication is from a debt collector. 15 U.S.C. § 1692e(11). Voicemail messages from debt collectors are "communications" under the FDCPA, even if they do not mention the debt in the message. *See*, *e.g., Rodriguez v. Fulton Friedman & Gullace, LLP*, No. H-11-4592, 2012 WL 3756589, at *7 (S.D. Tex. Aug. 28, 2012) ("In light of the remedial nature of the FDCPA, the better interpretation of 'communication' includes even those voice mail messages that simply request that the consumer return the debt collector's call. The ultimate purpose of such a message is to communicate with the consumer about the debt. As such, the message itself qualifies as an indirect conveying of information about a debt"); *also see Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 655–56 (S.D.N.Y. 2006) ("Given that the obvious purpose of the message was to provide the debtor with enough information to entice a return call, it is difficult to imagine how the voicemail message is not a communication under the FDCPA").

Here, the complaint transcribes two voicemails Accredited Management allegedly left on Jung's phone. *Id.* at 3-4. Neither voicemail message includes a statement disclosing that the caller was debt collector attempting to collect a debt. *Id.* The two messages include a request for Jung to return the debt collector's call by calling "866-901-0868, extension 202." *Id.* at 5. Jung alleges that the phone number "866-901-0868" belongs to Accredited Management. *Id.* at 3. Accordingly, Jung's allegations, taken as true, are well-pleaded under section 1692e(11), and therefore her motion for default judgement for this claim is **GRANTED**.

4.   *Section 1692g(b)*

Jung alleges that Accredited Management violated section 1692g(b) "when [Accredited Management]'s male collector demanded immediate payment of the alleged debt." Dkt. 1 at 5.

The FDCPA requires debt collectors to provide the consumer notice that "unless the consumer, with thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid." *Mahmoud v. De Moss Owners Ass'n, Inc.*, 865 F.3d 322, 330 (5th Cir. 2017) (*citing* 15 U.S.C. § 1692g(a)(3)).  During the thirty-day period, debt collectors are not allowed to conduct "collection activities and communication [that] may overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt." *Id.* (*citing* § 1692g(b)).  However, debt collectors do not violate section 1692g(b) by continuing their collection activities and communications "unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor."  § 1692g(b).

Here, Jung alleges that "[i]n or around December 2019, [Accredited Management] began placing collection calls to [Jung] . . . in an attempt to collect the alleged debt."  Dkt. 1 at 3.  Jung further alleges that "[o]n or around December 17, 2019" she received a call from defendant threatening "to file a lawsuit against [Jung] if she did not make a payment [in the amount of 60% of the alleged debt] to [Accredited Management] within the following twenty-four (24) hours." *Id.*  However, Jung does not allege that the she disputed the debt or requested the name and address of the original creditor in writing after Accredited Management first contacted her, as required by

the statute. Accordingly, Jung's motion for default judgement on her section 1692g(b) claim is **DENIED**.

      5.    *Section 1692f*

Jung alleges that Accredited Management violated section 1692f "when [Accredited Management] engaged in the foregoing conduct." Dkt. 1 at 5.

Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. While the FDCPA does not define the terms "unfair" or "unconscionable" anywhere in the statute, it enumerates a non-exhaustive list of *per se* violations under section 1692f, without limiting the statute's general application. *Id.* Deceptive conduct by debt collectors can be "unfair or unconscionable means" under section 1692f. *See, e.g., Hartman v Great Seneca Financial Corp.*, 569 F.3d 606, 613 (6th Cir. 2009) (finding a debt collector's action of sending a "document [that] appears to be a recent credit-card bill, which it is not, and with few indications to the contrary" is a "genuine issue of material fact" as to whether this document would deceive the least sophisticated consumer).

Here, Jung does not allege any of the violations in the enumerated list under section 1692f. Instead, she alleges that defendant's "foregoing conducts" were "[un]fair or unconscionable." Dkt. 1 at 5. The only surviving claim against Accredited Management is under 1692e(11) for failing to disclose that the communication is from a debt collector attempting to collect a debt, which does not rise to the level of unconscionability. *See* Unconscionable, Black's Law Dictionary (11th ed. 2019) ("showing no regard for conscience; affronting the sense of justice, decency, or reasonableness"). Accordingly, Jung's motion for a default judgement for her section 1692f claim is **DENIED**.

C.    The TDCA claims

Jung also seeks default judgment for Accredited Management's alleged violations of sections 392.304(a)(5)(A) and (a)(8) of the TDCA.

1.    *Section 392.304(a)(5)(A)*

Jung alleges that Accredited Management violated section 392.304(a)(5)(A) by "failing to disclose that the communication is from a debt collector . . . when [Accredited Management]'s female collector failed to disclose that the communication is from a debt collector attempting to collect a debt in voicemail messages left for [Jung] on [Jung]'s telephone." Dkt. 1 at 6.

When a third-party debt collector communicates with a debtor, it violates section 392.304(a)(5)(A) if it fails to disclose "that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose." Tex. Fin. Code Ann. § 392.304(a)(5)(A). However, if the communication is "in a formal pleading made in connection with a legal action" this section does not apply. *Id.*

Here, Jung alleges that Accredited Management is a third-party debt collector. Dkt. 1 at 2. As discussed above, the transcribed voicemail messages do not include a statement disclosing that the caller was debt collector attempting to collect a debt. *Id.* at 3-4. Accordingly, Jung has sufficiently alleged a violation under section 392.304(a)(5)(A). Jung's motion for default judgement on her section 392.304(a)(5)(A) claim is **GRANTED**.

2.    *Section 392.304(a)(8)*

Jung alleges that Accredited Management violated section 392.304(a)(8) when it (i) attempted to collect a debt without disclosing it was past the statute of limitations, (ii) threatened

to take legal action it could not legally take, and (ii) attempted to revive the statute of limitations by coercing Jung into making a payment. Dkt. 1 at 6.

Section 392.304(a)(8) prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." Tex. Fin. Code § 392.304(a)(8). "'To violate the TDCA using a misrepresentation, the debt collector must have made an *affirmative statement* that was false or misleading.'" *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) (citation omitted). A misrepresentation regarding the character, extent, amount, or status of a debt relates to affirmative statements about (i) if the consumer has a debt, (ii) of the specific amount that they owed, and (iii) that the consumer had defaulted. *Miller v. BAC Home Loans Servicing, L.P.,* 726 F.3d 717, 723 (5th Cir. 2013).

As discussed above, Jung failed to sufficiently plead that the statute of limitations has elapsed. Moreover, Jung does not allege any other "affirmative statements" made by Accredited Management that misrepresented "the character, extent, or amount of a consumer debt" as required by section 392.304(a)(8). Accordingly, Jung's motion for default judgment on her section 392.304(a)(8) claim is **DENIED**.

D.      Requested relief

Jung's motion for a default judgment is granted with respect to her claims under section 1692e(11) of the FDCPA and section 392.304(a)(5)(A) of the TDCA. She asks the court for statutory damages, costs, attorneys' fees, and injunctive relief. Dkt. 1 at 6-7.

If a court determines that default judgment should be granted, the court has "wide latitude" to determine damages without first holding a hearing if the "amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

The court may allow statutory damages up to a maximum of $1,000 as well as costs and attorneys' fees under the FDCPA.  15 U.S.C. § 1692k(a)(1–3).  Under Texas law, a person may sue for "injunctive relief to prevent or restrain a violation of" the TDCA.  Tex. Fin. Code Ann. § 392.403(a)(1).

    1.    *Statutory damages*

Jung seeks statutory damages of $1,000.00 pursuant to section 1692k of the FDCPA. Dkt. 11 at 4.  Although a plaintiff is eligible to receive up to $1,000.00, the court has the discretion to set the amount.  15 U.S.C. § 1692k(a)(2)(A).  Amongst other factors, the court may consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  § 1692k(b)(1).

Here, Accredited Management left two messages to Jung without indicating that the caller was a debt collector attempting to collect a debt.  *Id.* at 3-4.  Accordingly, an award of $500.00 in statutory damages is appropriate for the alleged violations.  *See, e.g., Cole v. Truelogic Fin. Corp.*, No. 07-CV-0388, 2009 WL 261428, at *2 (W.D.N.Y. Feb.4, 2009) (granting default judgment and awarding $500.00 when plaintiff provided evidence of defendant's intentional violations of the Act); *Wiener v. Bloomfield*, 901 F. Supp. 771, 778 (S.D.N.Y. 1995) (granting a plaintiff $350.00 in statutory damages for multiple violations of the Act because plaintiff neither pleaded nor proved actual damages).

    2.    *Attorney's fees and cost*

Jung seeks attorneys' fees in the amounts $3,602.50 pursuant to section 1692k. Dkt. 11 at 4. Jung's attorney, Michael Agruss, submits that his total time spent on this case was 8.10 hours at a rate of $400.00 per hour, and the total paralegal hours spent was 2.90 hours at an hourly rate

of $125.00. Dkt. 11-1 at 7-8. Jung also seeks $456.65 in costs—$400.00 for the filing fee and $56.65 for the process server. Dkt. 11-1 at 21.

To determine the reasonable attorney's fees, the court multiplies the number of hours reasonably expended by the reasonable hourly rate as required by the lodestar analysis. *Forbush v. J.C. Penny Co.*, 98 F.3d 817, 821 (5th Cir. 1996). Moreover, Texas law employs a virtually identical analysis to that used by the federal courts to calculate the award of attorneys' fees under the TDCA. *See Land Rover U.K., Ltd. v. Hinojosa,* 210 S.W.3d 604, 607 (Tex. 2006); *Arthur Andersen & Co. v. Perry Equip. Co.,* 945 S.W.2d 812, 818-19 (Tex.1997).

Thus, the first step in the lodestar analysis is to determine the reasonable hourly rate. *Forbush*, 98 F.3d at 821. This court generally awards attorneys a $300.00 hourly rate in FDCPA cases. *See, e.g., Moreno*, 2018 WL 6334837, at *5; *Malick v. NCO Fin. Servs. Inc.*, No. H-14-1545, 2015 WL 4078037, at *3 (S.D. Tex. July 6, 2015); *Serna v. Law ffice of Joseph Onwuteaka*, *PC*, No. 4:11–CV–3034, 2014 WL 3749652, at *5 (S.D. Tex. July 29, 2014), *aff'd*, 614 F. App'x 146 (5th Cir. 2015) (a $300.00 hourly rate was reasonable in a Fair Debt Collection case for a litigator with 21 years of experience).[1] A reasonable rate for legal-assistant work in similar cases is $125.00. *See, e.g., Moreno*, 2018 WL 6334837, at *5; *Knoerr v. Pinnacle Asset Grp., LLC*, No. H-16-599, 2017 WL 2118975, at *2 (S.D. Tex. May 16, 2017).

Based on the record and applicable law, the court finds that Jung's proposed hourly rates are higher than the prevailing rate. Accordingly, the attorney hourly rate will be reduced to $300.00 and the paralegal rate is set at $125.00 per hour.

---

[1] Recent published survey data from the Houston legal market further supports the reasonableness of an hourly rate of $300.00. *See* State Bar of Texas, Department of Research & Analysis, 2015 Hourly Fact Sheet, 2016, https://www.texasbar.com/AM/Template.cfm?Section=Archives&Template=/CM/ContentDisplay.cfm&ContentID=34182

The second step in the lodestar analysis is to determine the number of hours reasonably spent on the litigation. *Forbush*, 98 F.3d at 821. Reasonable hours do not include hours spent on clerical or nonlegal tasks. *Moreno*, 2018 WL 6334837, at *5 (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974); *Malick*, 2015 WL 4078037, at *5). "Reviewing and calendaring deadlines; printing, copying, and filing documents; drafting cover letters; ordering transcripts; organizing and updating materials and binders; loading and organizing computer databases; redacting and assembling exhibits; and transmitting documents [are] noncompensable." *Moreno*, 2018 WL 6334837, at *5 (citation omitted).

Jung submitted a table with the dates, tasks, and duration in support of the requested fees. Dkt. 11-1 at 22-23. However, it appears that several entries are for clerical work and/or nonlegal work. For example, an entry of 0.2 hour by Jackie Laino explains the task as "Issues check to Process Server." *Id.* at 22. Based on the descriptions, the court finds that 1.8 hours of paralegal time was spent on clerical tasks. Thus, the paralegal hours are reduced to a total of 1.1 hours.

The last step in the lodestar analysis is to multiply the number of hours reasonably spent by the reasonable hourly rate. *Forbush*, 98 F.3d at 821. Multiplying Agruss's reasonable hours by his reasonable hourly rate results in $2,430.00 (8.1 hours x $300.00 = $2,430.00). The same calculation for paralegal Jackie Laino equals $137.50 (1.1 hours x $125.00 = $137.50). Accordingly, the total amount for attorney's fees is $2,567.50.

Jung also seeks $456.65 in costs, which include the cost of filing the complaint ($400) and the cost of service of summons ($56.65). Dkt. 11-1 at 21. Under the FDCPA, a debt collector is

liable to a successful plaintiff for the costs of the action. 15 U.S.C. § 1692k(a)(3). The court finds that Accredited Management is liable for the $456.65 in itemized costs.

    3.    *Injunctive relief*

Jung seeks injunctive relief pursuant to section 392.403 of the TDCA, presumably to prevent Accredited Management from collecting their debt. Dkt. 1 at 7. Because Jung has failed to allege sufficient facts to support their claims, injunctive relief is not available. Accordingly, Jung's request for injunctive relief is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Jung's motion for default judgment on her claims under sections 1692e(5), e(10), 1692f, and 1692g(b) of the FDCPA, and section 392.304(a)(8) of the TDCA (the "Remaining Claims") is **DENIED**. The court **GRANTS** Jung's motion for default judgment on her claims under section 1692e(11) of the FDCPA, and section 392.304(a)(5)(A) of the TDCA, and awards statutory damages in the amount of $500.00, costs of $456.65 and fees of $2,567.50 along with post-judgment interest from the date of final judgment, as calculated under 28 U.S.C. § 1961.

The court will enter a final judgment outlining this award as soon as the Remaining Claims are resolved. Jung has 14 days from the entry of this order to amend her complaint or voluntarily dismiss the Remaining Claims. If no amendment is filed, the court will **DISMISS** the Remaining Claims **WITH PREJUDICE**. *Hager v. DBG Partners, Inc.*, 903 F.3d 460, 464 (5th Cir. 2018) ("A district court may consider the sufficiency of a complaint on its own initiative, as long as the

procedure employed is fair. Fairness in this context requires both notice of the court's intention and an opportunity to respond.")

    Signed at Houston, Texas on August 6, 2020.

                                          _____
                                                        Gray H. Miller
                                           Senior United States District Judge