# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA JUNG, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-20-487 |
| | § | |
| ACCREDITED MANAGEMENT SOLUTIONS | § | |
| LLC, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Sandra Jung's motion for a judgment debtor examination (Dkt. 15). Defendant Accredited Management Solutions LLC ("Accredited Management") has not responded. After reviewing the motion and applicable law, the court is of the opinion that Jung's motion should be DENIED.

## I. BACKGROUND

On August 11, 2020, this court entered a default judgment in this matter in favor of Jung on certain claims under the Fair Debt Collection Practices Act and the Texas Debt Collection Act. Dkt. 14. The court awarded Jung a total of $3,524.15 plus postjudgment interest. *Id.* According to Jung, this judgment has not yet been satisfied. Dkt. 15 at 1. Because the judgment remains unsatisfied, Jung seeks to obtain more information about Accredited Management's assets using postjudgment discovery.

## II. LEGAL STANDARD

Postjudgment discovery is permitted under Federal Rule of Civil Procedure 69(a)(2) for the purpose of identifying a judgment debtor's assets "[i]n the aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2). Specifically, "the judgment creditor . . . may obtain discovery from any

person—including the judgment debtor—as provided in [the federal] rules or by the procedure of the state where the court is located." *Id.* Rule 69(a)(2) allows "a broad inquiry to uncover any hidden or concealed assets of the judgment debtor," but it "may not be used in order to harass the judgment debtor or any third parties." *See T-M Vacuum Prods., Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 WL 5082413, at *1–2 (S.D. Tex. Nov. 25, 2008) (Rosenthal, J.) (quoting 13 James Wm. Moore et al., *Moore's Federal Practice - Civil* § 69.04 (2008)). When conducting postjudgment discovery, pretrial discovery rules apply. *See Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1405 (5th Cir. 1993).

### III. ANALYSIS

Jung asks the court to order a judgment debtor examination of Jeremy Brown, the manager of Accredited Management. Dkt. 15 at 4. She includes with her motion a list of fifteen categories of documents that she would like the court to order Brown to produce at the examination. *Id.* at 2–4. A judgment debtor examination is "much more than discovery because the court can require the debtor or third parties to appear before the court at a hearing and comply with one or more orders that will facilitate the collection of a judgment." *See* James J. Brown, *Judgment Enforcement* § 4.01 (3d ed. 2020) (distinguishing "supplementary proceedings" from postjudgment discovery); *see also* 30 Am. Jur. 2d *Executions and Enforcement of Judgments* § 529, Westlaw (database updated Nov. 2020) ("Rules and statutes governing supplementary proceedings may provide for the examination of the judgment debtor or third parties in open court. . . . [T]he mere fact of requiring the debtor's appearance, and of compelling the debtor to disclose under oath all assets of his or her estate, and to give information concerning his or her property, is the principal means for judicially ascertaining the existence of property which may then be applied toward partially or completely satisfying the judgment." (footnotes omitted)).

While postjudgment discovery is permissible, it must be done pursuant to some federal or state discovery rule.  *See* Fed. R. Civ. P. 69(a)(2).  Moreover, if a movant elects to use state rules, she may only use the rules of the state "where the court is located."  *Id.*  In this case, that means that Jung may use either the federal rules or the rules of the state of Texas.  Because neither provide for a judgment debtor examination, the court is unable to order one, and so Jung's motion must fail.  *See* Brown, *supra*, § 4.01 (showing that many states provide for judgment debtor examinations but not Texas).

This does not mean, however, that Jung will be unable to conduct a broad inquiry to identify Accredited Management's assets.  She is still permitted to conduct postjudgment discovery in accordance with either federal rules or Texas rules.  12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3014, Westlaw (database updated Oct. 2020) ("A judgment creditor may use the discovery devices provided in Civil Rules 26 to 37 or may obtain discovery in the manner provided by the practice of the state in which the district court is held.").  Under the federal rules, for example, she could serve a request for production on Accredited Management or any third party (including Brown) covering the fifteen categories of documents listed in her motion.  *See* Fed. R. Civ. P. 34 (production of documents).  She is also welcome to depose Brown to get sworn answers regarding Accredited Management's assets.  *See* Fed R. Civ. P. 30–31 (written and oral depositions).

If a dispute arises between the parties regarding discovery, or Jung is otherwise unable to obtain the information she is looking for, she can move this court to compel discovery under Rule 37.  Fed. R. Civ. P. 37; *Alaniz v. H & H Farms, LLC*, No. 1:09-CV-113, 2016 WL 11546302, at *2 (S.D. Tex. Apr. 14, 2016) (Tagle, J.) ("[Rule] 37(a)(3) allows a party to file a motion to compel a response when, inter alia, . . . 'a party fails to produce documents . . . as requested under Rule

34.'" (citing Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv))); *see also, e.g.*, *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251 (5th Cir. 2019) (postjudgment motion to compel answers to interrogatories and compliance with a subpoena); *NML Cap., Ltd. v. Excelerate Energy, LLC*, No. 4:08-mc-0574, 2011 WL 10618710 (S.D. Tex. Feb. 8, 2011) (Ellison, J.) (postjudgment motion to compel production of documents).

## IV. CONCLUSION

Jung's motion for a judgment debtor examination is DENIED.

Signed at Houston, Texas on December 9, 2020.

Gray H. Miller
Senior United States District Judge